IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-251-FL-1
NO. 5:21-CV-16-FL

| | |
|---|---|
| WILLIAM MAURICE SADDLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 487), as amended (DE 501, 502), and respondent's motion to dismiss (DE 497). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones Jr., entered a memorandum and recommendation ("M&R") (DE 543), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Indictment filed October 5, 2016, charged petitioner with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and 1594(c) (count one); aiding and abetting sex trafficking of a minor by force, fraud, coercion, in violation of 18 U.S.C. § 1591(a)(1), (b), and (2) (count two); and manufacturing child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (count five). On November 30, 2017, a jury found petitioner guilty of counts one and two

and not guilty of count five. The court sentenced petitioner on June 7, 2018, to a total term of 480 months imprisonment. Defendant appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction.

Petitioner filed the instant motion to vacate on January 13, 2021, asserting that his trial counsel was ineffective for failing to provide a complete defense. On May 5, 2022, however, petitioner moved to amend his motion to vacate, and the magistrate judge granted in part the motion in order and M&R entered July 28, 2022, recognizing for adjudication a claim of ineffective assistance of counsel upon failure to communicate the government's plea offers to petitioner. (DE 543 at 7-8).

The magistrate judge held an evidentiary hearing on that claim on July 12, 2022, at which the court heard testimony of petitioner, petitioner's first appointed counsel Katherine Shea ("Shea"), and petitioner's second appointed counsel Dhamian Blue ("Blue"); and at which the court admitted the following exhibits:

1) Petitioner's initial § 2255 motion;

2) Petitioner's motion to amend § 2255 motion filed September 3, 2021;

3) Memorandum of plea agreement, with signature line for Shea;

4) Attorney time report for Blue;

5) Memorandum of plea agreement, with signature line for Blue;

6) Declaration of Blue, executed April 20, 2021;

7) Declaration of Blue, executed December 6, 2021; and

8) Additional exhibits, comprising petitioner's second motion to amend § 2255 motion, filed September 17, 2021, and a printout of the case docket, dated July 11, 2022.

2

In M&R entered July 28, 2022, the magistrate judge recommends dismissal of the petition on the basis that petitioner has not shown by a preponderance of the evidence that Shea and Blue provided ineffective assistance of counsel. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that the credible evidence establishes that both Shea and Blue communicated existing plea offers to petitioner and that he expressly refused to agree to them. As such, petitioner has not satisfied his burden to show by a preponderance of the evidence that Shea and Blue provided ineffective assistance of counsel. See Missouri v. Frye, 566 U.S. 134, 145 (2012); Strickland v. Washington, 466 U.S. 668, 678-88 (1984). Upon de novo review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner objects to the finding in the M&R that Shea informed petitioner of an initial plea offer. According to petitioner, Shea's testimony was that she could not recall if she informed petitioner of the initial plea offer. Further, petitioner objects to the determination in the M&R that Shea's testimony was more credible because it was supported by documentary evidence, where no notes by Shea were offered into evidence. In the M&R, however, the magistrate judge recognizes that Shea "did not recall specifically discussing the plea offer with [petitioner], nor did she recall any explicit rejection of the plea offer." (M&R at 5). The M&R finds credible Shea's testimony describing her notes of meetings with petitioner and concluding based on those notes that she did discuss the plea offer with petitioner. (M&R at 10).

The findings in the M&R are supported by the record of Shea's testimony at the evidentiary hearing, a recording of which the court has reviewed. Shea testified she received the plea offer,

4

saved it to her network, met with petitioner several days later, had notes from that meeting stating there was a "plea offer on the table," and "would have said something" about it to petitioner. The findings in the M&R are also supported by corroborating evidence and testimony by Blue. For example, in his declaration, Blue states "[a]fter her withdrawal from the case, . . . Shea provided me with a written copy of the plea offer," and "[d]uring my first meeting with [petitioner], I confirmed that he had, in fact, been advised of the plea offer." (Gov. Ex. 515-1 (DE 515-1) ¶ 3). Therefore, the court overrules petitioner's objections regarding the credibility of Shea.

Petitioner also objects to findings in the M&R that Blue's testimony was more credible than petitioner's. However, the magistrate judge correctly relied upon multiple aspects of Blue's testimony and the evidence in finding Blue's testimony more credible than petitioner's. For example, "Blue's billing records substantiate his testimony," and his testimony was consistent with the nature of the first and second plea agreements offered. (M&R at 10-11). Therefore, the court overrules petitioner's objections regarding the credibility of Blue.

In sum, substantial evidence supports crediting the testimony of Blue and Shea over the conflicting testimony of petitioner. Thus, petitioner has not shown by a preponderance of the evidence that Shea and Blue failed to advise petitioner of plea offers received from the government. Thus, for these reasons and the reasons set forth in the M&R, petitioner's claim fails as a matter of law and must be dismissed.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

5

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 543). Petitioner's motion to vacate, set aside, or correct sentence (DE 487), as amended (DE 501, 502) is DENIED, and respondent's motion to dismiss (DE 497) is GRANTED. This action is DISMISSED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 3rd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge